IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENNARO RAUSO,<br>　　　　　　　Plaintiff,<br><br>v.<br><br>ANGELA MARTINEZ, DIRECTOR OF THE OFFICE OF JUDICIAL SUPPORT FOR THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PA, MARY MCFALL HOPPER, DELAWARE COUNTY SHERIFF, FEDERAL NATIONAL MORTGAGE ASSOCIATION, SUNTRUST MORTGAGE, INC., DITECH FINANCIAL, LLC, GREENTREE CONSUMER, DISCOUNT COMPANY, GREENTREE MORTGAGE SERVICING COMPANY, PHELAN, HALLINAN, DIAMOND & JONES, LLP, JOHN DOE TITLE INSURANCE COMPANY, MARK FINLEY, JOSEPH F. FINLEY, LTS ACQUISITION CO., DORIAN MOLINO, CORE ABSTRACT, ADAM H. DAVIS, LTS ACQUISITION COMPANY, AND JOHN DOE AND JANE DOE OCCUPANT(S),<br>　　　　　　　Defendants. | CIVIL ACTION<br><br><br>NO. 17-4721 |

**MEMORANDUM**

Gennaro Rauso, an inmate at Federal Correctional Institute-Cumberland, filed a *pro se* Complaint alleging violations of 42 U.S.C. § 1983, negligence, unjust enrichment, unlawful ejectment, lost rental profit, and punitive damages. His sued numerous financial entities, a law firm, the Delaware County Sherriff's Office, and multiple individual persons. The lawsuit arises from a foreclosure action initiated against a property owned by Michael Ferreri, who defaulted on his mortgage and eventually transferred all of his rights and interests to Rauso. Extensive litigation regarding the foreclosure action ensued in Pennsylvania state court.

1

Plaintiff filed his Complaint on October 20, 2017 and filed an Amended Complaint on September 12, 2019. Defendants Delaware County Sherriff's Office, Mary McFall Hopper, and Angel Martinez filed a Motion to Dismiss on September 16, 2019. Defendant Federal National Mortgage Association moved to dismiss on September 23, 2019. Defendant Suntrust Mortgage Inc. moved to dismiss on September 26, 2019, and Defendants Joseph Finley and Mark Finley filed a Motion to Dismiss on September 30, 2019. Finally, Defendants Adam Davis, Joseph Debarberie, Lauren Tabas, Allison Wells, and Phelan Hallinan Diamond & Jones filed a Motion to Dismiss on October 23, 2019.

Plaintiff filed his first Motion to Extend Time to Respond on October 3, 2019, after the deadline for responding to the first Motion to Dismiss had expired. Plaintiff's Motion was granted, and he was ordered to respond to all pending Motions to Dismiss by December 20, 2020. Plaintiff filed a second Motion to Extend Time to Respond on December 2, 2020. A telephone status conference was held with all parties on December 11, 2019. Following the status conference, Plaintiff's Motion was granted, and he was ordered to respond to all pending Motions to Dismiss by January 27, 2020. On January 27, 2020, Plaintiff filed his third Motion to Extend Time to Respond. Plaintiff's Motion was granted, and he was ordered to respond to all pending Motions to Dismiss by March 27, 2020. Plaintiff did not comply with the March 27 deadline, nor has Plaintiff filed any other motions since the deadline passed.

Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." An action may be dismissed for failure to prosecute *sua sponte*, or on a party's motion. *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). Such a dismissal operates "as a dismissal on

the merits," meaning that such a dismissal is with prejudice, unless specified otherwise. *See* Fed. R. Civ. P. 41(b).

In determining whether to dismiss an action with prejudice, there are six factors to consider. *See Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). "None of the *Poulis* factors is alone dispositive, and . . . not all of the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution." *Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019). The factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868.

The first factor generally asks whether the delay is the personal responsibility of the party as opposed to his or her counsel. *Id*. As Plaintiff is *pro se*, no outside counsel is responsible for the delay. Plaintiff has, however, previously noted issues with timely receiving orders due to problems with FCI Cumberland's mail system. Even if Plaintiff has not received all of the Court's orders granting his requests for extension quickly, this does not excuse Plaintiff's repeated failure to file any response to the Motions to Dismiss, especially following the telephone status conference in which he participated.[1] This factor weighs in favor of dismissal with prejudice.

Second, Plaintiff's failure to meet the reply deadlines prejudices Defendants. This case was filed over two-and-a-half years ago. As time passes, witnesses' memories fade and evidence can become harder to collect, potentially harming Defendants' abilities to present their defense.

---

[1] To the extent Plaintiff objects that certain parties have not been served or he has not received discovery, neither of those issues prevents Plaintiff from responding to a motion to dismiss.

3

*Cf. United States v. Velazquez*, 749 F.3d 161, 185 (3d Cir. 2014). This factor too weighs in favor of dismissal with prejudice. Factor three, history of dilatoriness, weighs heavily in favor of dismissal: Plaintiff has been given three extensions, each over 30 days in length, and Plaintiff has still not responded to any of the six pending motions against him. As to the fourth factor, although there is no direct evidence of willfulness, Plaintiff was advised of each of the new deadlines to respond and once discussed the deadlines on a telephone conference, and yet has not filed any responses to the Motions to Dismiss. *In re Alloui*, 2019 WL 5061086, at *2 (E.D. Pa. Oct. 8, 2019) (interpreting failure plaintiff's to obey court orders as "willful" where the court's expectations were made clear).

Turning to factor five, the availability of sanctions other than dismissal, no such adequate sanctions are readily available here. A common sanction for failure to prosecute, the imposition of attorney's fees, would be ineffective against Plaintiff, who is incarcerated and proceeding in this cause *in forma pauperis*. Finally, turning to the meritoriousness of the claim, "[a] claim . . . will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 869-70. Based on the allegations, Plaintiff's complaint raises concerns related to whether this Court has jurisdiction and the validity of certain alleged causes of action. Nonetheless, even assuming *arguendo* Plaintiff has a meritorious claim, this factor is not dispositive in the *Poulis* analysis.

Although *pro se* plaintiffs are afforded a measure of leniency, *cf. Erickson v. Pardus*, 551 U.S. 89, 94 (2007), at least five of the six *Poulis* factors weigh in favor of dismissal with prejudice.

In light of Plaintiff's repeated failure to respond to the Motions to Dismiss that have been pending for six months, the Motions to Dismiss shall be granted and the claims against those parties shall be dismissed with prejudice. An appropriate order follows.

**April 7, 2020**                                              **BY THE COURT:**

                                                                        /s/Wendy Beetlestone, J.

                                                                        _____
                                                                        **WENDY BEETLESTONE, J.**